UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
YESINIA URIBE ROJO, *on behalf of herself, FLSA Collective Plaintiffs, and the Class*,

                                      Plaintiff,

-against-

LAKEVIEW SECURITY & INVESTIGATIONS, INC., ANTHONY D'GRACIA, and ERIC SCOTT,

                                    Defendants.
------------------------------------------------------------------------X

Case No.: 24-cv-05729 (JPO)(SLC)

# FORCHELLI DEEGAN TERRANA LLP'S MEMORANDUM OF LAW IN SUPPORT OF ITS REQUEST TO BE RELIEVED AS COUNSEL AND REQUEST FOR ENTRY OF A STAY OF THESE PROCEEDINGS

Forchelli Deegan Terrana LLP
333 Earle Ovington Blvd., Suite 1010
Uniondale, New York 11553

**PRELIMINARY STATEMENT**

Forchelli Deegan Terrana LLP, including its members Keith J. Frank, Esq. and Alexander Leong, Esq. (collectively, the "Firm"), counsel for defendants LAKEVIEW SECURITY & INVESTIGATIONS, INC., ANTHONY D'GRACIA, and ERIC SCOTT ("Defendants"), respectfully moves before this Court by Order to Show Cause pursuant to Local Rule 1.4 to request that the Firm be relieved or permitted to withdraw as Defendants' counsel. The attorney-client relationship has broken down and, in addition, the Firm has not received payment for the significant legal work that has already been conducted. *See* Declaration of Keith J. Frank ("Frank Declaration") at ¶ 14-17. The Firm's continued representation and defense of Defendants are impossible as the relationship has turned adversarial given one Defendant's refusal to communicate with counsel and all Defendant's failure cooperate in the defense and pay the outstanding legal fees currently due and/or the anticipated fees to be incurred in defending the action. It is for this reason that the Firm has no choice, but to file the instant Order to Show Cause to request that it be permitted to withdraw or be relieved as counsel.

The Firm further respectfully requests, in order to protect Defendants' rights, that this Court stay all proceedings pending the outcome of the Firm's Order to Show Cause to be relieved as counsel and that this action be stayed for an additional sixty (60) days after entry of any order relieving the Firm as Defendants' counsel to provide Defendants an opportunity to retain new counsel.

**STATEMENT OF THE FACTS**

The Court is respectfully referred to the accompanying declaration of Keith J. Frank, Esq. for the procedural history, and facts, which evidence an irreconcilable breakdown in the attorney-client relationship, which necessitates the filing of this order to show cause.

1

## MOTION TO BE RELIEVED AS COUNSEL

Pursuant to Local Rule 1.4, "An attorney of record may withdraw . . . by order of the Court in which the action is pending, upon motion on such notice to the client of the withdrawing attorney, [and] to the attorneys of all parties in the action…."

It is respectfully submitted that continuation of the attorney/client relationship under these circumstances has rendered the Firm's representation of Defendant "unreasonably difficult," thereby warranting withdrawal pursuant to New York's Rules of Professional Conduct. Rule 1.16(c) of the New York Rules of Professional Conduct provides, in pertinent part, that:

> [A] lawyer may withdraw from representing a client when: . . .
>
> > (7) the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively….

Here, Defendants refuse to communicate with my office. All Defendants have failed to cooperate in its representation (including, providing information requested for the defense of this action) and pay for the substantial outstanding legal bills and costs, despite the Firm's repeated requests communications about the litigation and for payment, creating an adverse relationship. *See* Frank Declaration at ¶ 19, 20. In addition to the costs that are outstanding, there are still substantial fees that will be incurred in the sending out of the collective notices, fact and expert discovery, as well as to potentially prepare and oppose any motion to conditionally certify a Rule 23 class, engage in potential class action discovery, and prepare and oppose any dispositive motions and to prepare for trial.

It is well established that "[a]n attorney may withdraw as counsel when his client fails to pay legal fees or to communicate with him." <u>Casper v. Lew Lieberbaum & Co., Inc.</u>, 1999 WL 335334 at *5 (S.D.N.Y. May 26, 1999), quoting <u>Furlow v. City of New York,</u> 1993 WL 88260 at

*2 (S.D.N.Y. Oct. 12, 1993);  *Century Jets Aviation, LLC v. Alchemist Jet Air, LLC*, 2009 WL 4035642 at *2 (S.D.N.Y. Nov. 23, 2009) ("It is well-settled that non-payment of counsel fees is a proper basis for withdrawal.");; *see also Centrifugal Force, Inc. v. Softnet Commc'n, Inc*., 2009 WL 969925, at *2 (S.D.N.Y. Apr. 7, 2009) ("Attorneys are not required to represent clients without remuneration, and the failure to pay invoices over an extended period is widely recognized as grounds for leave to withdraw.").

Accordingly, as a result of Defendant's failure to communicate, cooperate, as well as, failure to pay the Firm for the services rendered, there has been a complete and irreconcilable breakdown in the attorney-client relationship. Accordingly, entry of an Order relieving or permitting the Firm to withdraw as counsel is necessary and appropriate under these circumstances.

## REQUEST TO STAY PROCEEDINGS PENDING THE OUTCOME OF THIS ORDER TO SHOW CAUSE

While the Firm's order to show cause to be relieved as counsel is pending, the Firm respectfully requests that this Court enter an order, staying this matter.

"It is well established that district courts have discretionary authority to stay a case when the interests of justice so require." *Hicks v. City of N.Y.*, 268 F. Supp. 2d 238, 241 (E.D.N.Y. 2003). When determining whether it is appropriate to grant a stay, courts typically consider five factors:

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*Volmar Distributors, Inc. v. N.Y. Post Co.,* 152 F.R.D. 36, 39 (S.D.N.Y. 1993).

A review of these five factors demonstrates that a stay pending the outcome of the Firm's application to be relieved as counsel is in the interest of justice. Here, Plaintiff will not be

3

prejudiced by this delay, as the proceeding has already been commenced, a collective motion is pending before the Court, and a delay pending the outcome of this motion will not be substantial.

In contrast, Defendants will be greatly prejudiced if a stay is not entered because the status of their representation is uncertain. Further, the Firm will be prejudiced if a stay is not entered because if there is no stay, the Firm will be placed in the untenable position of representing a client that will not communicate with us and/or cooperate in the defense, as well as, having to continue to incur further fees, for which Defendant does not make payment. Additionally, it is in the Court's interest to delay any further proceedings while Defendants' representation remains uncertain. Accordingly, a balance of these factors demonstrates that a stay of the underlying proceeding pending the outcome of the Firm's application to be relieved as counsel pursuant to Local Rule 1.4 is in the interest of justice.

Further, if the Court grants this Firm's withdrawal as counsel for Defendants, it is respectfully requested that the Court stay these proceedings an additional sixty (60) days. This additional sixty-day stay will allow Defendants to have an opportunity to obtain substitute counsel and for any new counsel representing Defendants to familiarize himself/herself with the collective and class action claims asserted and scope of discovery.

## **CONCLUSION**

The Firm submits that Defendants having failed to communicate and cooperate with regard to legal strategy and defenses and having failed to pay its outstanding legal fees, the Firm's continued representation and defense of Defendants is virtually impossible. As a result of this complete and irreconcilable breakdown in the attorney-client relationship, entry of an order permitting the Firm to withdraw as Defendants' counsel is necessary and appropriate under these circumstances. Further, the Firm submits that a stay of these proceedings for a period of sixty (60)

days from entry of the order sought herein to allow Defendants the opportunity to retain new counsel is in the interest of justice.

Accordingly, the Firm respectfully requests that this Court enter an order permitting the Firm to withdraw as counsel, and further enter an order staying these proceedings pending the outcome of this application.

Dated: Uniondale, New York
      February 11, 2025

                                    Respectfully submitted,

                                    FORCHELLI DEEGAN TERRANA LLP

                                    By: */s/ Keith J. Frank*
                                        KEITH J. FRANK, ESQ.
                                    *Attorneys for Defendant*
                                    333 Earle Ovington Boulevard, Suite 1010
                                    Uniondale, New York 11553
                                    Phone: (516) 248-1700
                                    Fax:   (516) 248-1729