UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

YESINIA URIBE ROJO, on behalf of herself, FLSA Collective Plaintiffs, and the Class,

                Plaintiff,

-v-

LAKEVIEW SECURITY & INVESTIGATIONS, INC., *et al.*,

                Defendants.

24-CV-5729 (JPO)

MEMORANDUM AND ORDER

---

J. PAUL OETKEN, District Judge:

    Plaintiff Yesenia Uribe Rojo ("Plaintiff") brings this action against Lakeview Security & Investigations, Inc. ("Lakeview Security") and its owners Anthony D'Gracia, and Eric Scott (collectively, "Defendants"), asserting violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.*, the New York Labor Law, Article 19 § 650 *et seq.*, Article 6 § 190 *et seq.*, the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.*, and the New York City Human Rights Law, N.Y.C. Admin Code § 8-101 *et seq*. Plaintiff now moves for a default judgment. (ECF No. 72.)

## I.   Background

    The following background facts are taken from the Complaint and are presumed to be true for purposes of this motion. (ECF No. 1.) From December 2020 until about May 2, 2024, Plaintiff worked for Defendants as a security guard. (ECF No. 1 ¶ 33.) Defendants would assign Plaintiff to provide security services for different clients at various locations in New York. (*Id.*) Throughout her employment with Defendants, Plaintiff was not paid the proper overtime premium of 1.5 times the regular hourly rate for hours worked above the forty hours in a

1

workweek. (ECF No. 1 ¶ 36.) Instead, Defendants paid Plaintiff her regular hourly rates for her overtime hours. *Id*. Defendants did not provide proper wage notices and wage statements to Plaintiff throughout her employment with Defendants, which resulted in "concrete, downstream consequences involving monetary injury." (ECF No. 1 ¶¶ 39-48.) Moreover, throughout her employment, Plaintiff experienced discrimination due to her sex and weight. (ECF No. 1 ¶¶ 63-64.) Plaintiff observed that Defendants routinely assigned her male coworkers to clients and job sites that paid security guards higher wages. *Id.* When Plaintiff requested to be assigned to a higher paying job site, Defendant D'Garcia remarked, "[clients] don't want fat, short females." *Id*.

On July 29, 2024, Plaintiff filed this action. (ECF No. 1.) Defendants obtained representation and proceeded with the case. However, in February 2025, Defendants' counsel moved to withdraw as counsel on the case, and that motion was granted in an order on March 10, 2025. (ECF No. 58.) Defendants were granted multiple extensions of time in which to obtain counsel, with one final deadline of June 13, 2025, including a warning that a default judgment could be granted. (ECF No. 63.) Defendants failed to obtain counsel by the final deadline.

The Clerk of Court entered a certificate of default as to all Defendants on June 20, 2025. (ECF No. 70.)

On July 14, 2025, Plaintiff moved for default judgment against all Defendants. (ECF Nos. 72-75.) Plaintiff served the motion on Defendants, as required by Local Civil Rule 55.2(a)(3). (ECF No. 76.)

## II. Discussion

A party "against whom a judgment for affirmative relief is sought" is in default when it "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). It is well established in the

Second Circuit that corporations, partnerships, and limited liability companies may not appear without counsel. *See Jacobs v. Pat. Enf't Fund, Inc.*, 230 F.3d 565, 568 (2d Cir. 2000). A defendant-company's failure to comply with a court's order that the defendant obtain counsel constitutes failure to "otherwise defend" for the purpose of Rule 55(a) such that an entry of default is justified. *New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 130 (2d Cir. 2011) (holding that entry of default was proper where the defendant, a limited liability company, failed to obtain counsel despite the court's warning that such failure would result in default).

Because Defendant Lakeview Security has failed to have counsel appear to defend this case and the two individual Defendants have failed to otherwise defend the case, despite multiple warnings and extensions, all Defendants are in default and are subject to default judgment.

### A.     Liability

"[A] party's default is deemed to constitute a concession of all well-pleaded allegations of liability." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir.1992). However, the Court must still consider whether the unchallenged facts "meet the elements of the relevant cause of action." *Henry v. Oluwole*, 108 F.4th 45, 55 (2d Cir. 2024).

As an initial matter, the Court concludes that it has subject matter jurisdiction under 28 U.S.C. § 1331 based on the assertion of claims under the FLSA. The Court has supplemental jurisdiction over the State- and City-law claims because those claims are sufficiently related to the FLSA claims that they "form part of the same case or controversy." 28 U.S.C. § 1367(a).

Plaintiff's allegations—now assumed true—that she (1) failed to receive overtime pay despite routinely working overtime, and (2) failed to receive wage notices, clearly establish Defendants' liability under the FLSA and NYLL.

Plaintiff also asserts sex and weight discrimination and hostile work environment claims against Defendants under the NYSHRL and NYCHRL. Because the factual allegations supporting these claims are limited in detail, they are more difficult to assess and even more difficult to quantify.

With respect to weight discrimination, the NYCHRL was amended only in 2023 to prohibit discrimination on the basis of weight, and the amendment was not made retroactive. *See Harris v. City of New York*, 231 N.Y.S.3d 778, 783 (N.Y. Sup. Ct. 2025). Because that amendment was effective November 26, 2023, *id.*, it covers only the final months of Plaintiff's employment with Defendants, which ended on May 2, 2024 (ECF No. 1 ¶ 33).

With respect to sex discrimination and hostile environment, Plaintiff alleges that she was routinely given lower-paying security jobs than her male colleagues, that Defendants fostered a hostile work environment, and that on one occasion after she complained, Defendant D'Garcia stated, "they don't want fat, short females." (ECF No. 1 ¶¶ 63-66.) These allegations are sufficient to support Plaintiff's claims that Defendants discriminated against her on the basis of sex in violation of the NYSHRL and the NYCHRL.

### B. Damages

"Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Sec. (USA) v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (citations omitted). In addition, Local Civil Rule 55.2(c) requires a party seeking a default judgment to file "file a statement of damages, sworn or affirmed to by one or more people with

personal knowledge, in support of the request, showing the proposed damages and the basis for each element of damages."

Plaintiff requests $491,254.86 in total damages, the largest component of which ($326,128) is for "discrimination damages and back wages." (ECF No. 73 ¶ 25.) However, Plaintiff has not provided any declaration or affidavit from Plaintiff (or any other person "with personal knowledge") or any other documentation of the precise means by which these amounts were determined. Absent further evidence, the Court cannot "ascertain the amount of damages with reasonable certainty."

### III.  Conclusion

For the foregoing reasons, Plaintiff's motion for default judgment is GRANTED. However, the Court defers entry of judgment pending an inquest on damages, which the Court will refer to Judge Cave.

Plaintiff is directed to provide a copy of this Memorandum and Order to Defendants within seven days.

The Clerk is directed to close the motion at Docket Number 72.

SO ORDERED.

Dated: January 12, 2026
       New York, New York

_____
J. PAUL OETKEN
United States District Judge