UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YESINIA URIBE ROJO, on behalf of herself, FLSA
Collective Plaintiffs, and the Class,

Plaintiff,

-v-

LAKEVIEW SECURITY & INVESTIGATIONS, INC., et al.,

Defendants.

CIVIL ACTION NO. 24 Civ. 5729 (JPO) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

On January 28, 2026, the Court ordered Plaintiff to supplement her Damages Submission with evidence to support her claim for discrimination damages and back wages. (Dkt. No. 81).  On February 3, 2026, Plaintiff filed a letter stating that she is "only pursuing garden variety discrimination damages" and providing case law to support her request as well as an updated Damages Chart.  (Dkt. No. 84).  Plaintiff has not submitted her own affidavit or declaration attesting to her damages.  Accordingly, it is hereby **ORDERED** that:

1. By **Wednesday, February 25, 2026**, Plaintiff shall submit HER OWN affidavit or declaration in support of ALL CATEGORIES of her requested damages.  See De La Cruz v. Trejo Liquors, Inc., No. 16 Civ. 4382 (VSB) (DF), 2019 WL 9573763, at *11 (S.D.N.Y. Sept. 10, 2019) (finding plaintiff's declarations to be sufficient to meet burden of proof to establish damages with reasonable certainty in FLSA default damages inquest).  Plaintiff is warned that the failure to submit her own affidavit or declaration may result in the Court recommending that no damages be awarded.

2.    Defendants shall submit their response to Plaintiff's supplemental damages submission, if any, no later than **March 4, 2026**.  IF DEFENDANTS (1) FAIL TO RESPOND TO PLAINTIFF'S SUPPLEMENTAL DAMAGES SUBMISSION, OR (2) FAIL TO CONTACT MY CHAMBERS BY **MARCH 4, 2026** AND REQUEST AN IN-COURT HEARING, I INTEND TO ISSUE A REPORT AND RECOMMENDATION CONCERNING DAMAGES BASED ON PLAINTIFF'S DAMAGES SUBMISSIONS ALONE WITHOUT AN IN-COURT HEARING.  See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) ("'[I]t [is] not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in a default judgment.'" (quoting Fustok v. ContiCommodity Servs. Inc., 873 F.2d 38, 40 (2d Cir. 1989)).

Plaintiff is directed to serve its supplemental damages submission and this Order on Defendants and file proof of service on the docket by no later than **Friday, February 20, 2026**.

Dated:      New York, New York
            February 18, 2026

SO ORDERED.

_____
SARAH L. CAVE
**United States Magistrate Judge**

2