UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YESINIA URIBE ROJO, on behalf of herself, FLSA Collective Plaintiffs, and the Class, <br><br> Plaintiff, <br><br> -v- <br><br> LAKEVIEW SECURITY & INVESTIGATIONS, INC., <u>et al.</u>, <br><br> Defendants. | |

CIVIL ACTION NO. 24 Civ. 5729 (JPO) (SLC)

**<u>ORDER</u>**

**SARAH L. CAVE,** United States Magistrate Judge.

On July 29, 2024, Plaintiff filed the Complaint.  (Dkt. No. 1).  On September 30, 2024, Defendants answered the Complaint.  (Dkt. No. 21).  The Court held an initial case management conference on October 31, 2024.  (Dkt. Entry dated Oct. 31, 2024).  That same day, Plaintiff filed a motion for conditional collective certification of a class (Dkt. Nos. 25–30 (the "CC Motion")), which the parties fully briefed by December 18, 2024 (<u>see</u> Dkt. Nos. 33–43).  On January 29, 2025, the Court held a conference to discuss the CC Motion.  (Dkt. Entry dated Jan. 29, 2025).  On February 11, 2025, Defendants' counsel, Forchelli Deegan & Terrana LLP, filed a motion to withdraw as counsel for Defendants.  (Dkt. No. 51 (the "MTW")).  On February 24, 2025, Plaintiff filed a motion for leave to amend the Complaint. (Dkt. No. 57 (the "MTA")).  The Court granted the MTW and stayed the matter to permit Defendants time to retain new counsel.  (Dkt. No. 58).

After multiple extensions of time to retain counsel, Defendants failed to do so; therefore, the Court ordered Plaintiff to initiate default proceedings against Defendants and terminated the CC Motion and the MTA.  (Dkt. Nos. 60–63; 66).  On June 20, 2025, the Clerk of Court issued

certificates of default against Defendants.  (Dkt. No. 70 (the "CoDs")).  On July 14, 2025, Plaintiff filed a motion for default judgment against Defendants.  (Dkt. Nos. 72–75 (the "MDJ")).  On January 12, 2026, the Honorable J. Paul Oetken granted the MDJ and referred this action to the undersigned for an inquest on damages.  (Dkt. Nos. 78; 79).  The Court twice ordered Plaintiff to supplement the materials submitted in support of her claimed damages, with which Plaintiff complied.  (See Dkt. Nos. 81; 84–85; 90).  On February 18, 2026, new counsel for Defendants filed a notice of appearance and requested an in-person hearing on damages, which the Court granted, scheduling an evidentiary hearing on March 12, 2026 (the "Hearing").  (Dkt. Nos. 86–88).

Plaintiff now requests, without providing any citation to authority, that the Court:  (1) adjourn the Hearing; (2) order Defendants to produce contact information for members of the putative collective members by March 6, 2026 and sanction Defendants if they fail to do so; and (3) in the alternative, reopen the CC Motion and the MTA.  (Dkt. No. 91).  Plaintiff's requests are unsupported, premature, and unreasonable at this juncture.  The CoDs will remain in place at this time.  Now that Defendants have appeared, this case will proceed in an orderly fashion, not according to Plaintiff's counsel's arbitrary deadlines or apparent desire for retribution through baseless sanctions.

Accordingly, by **Friday, March 13, 2026**, Defendants shall file a motion to vacate the CoDs. By **Friday, March 27, 2026**, Plaintiff shall file a response to the motion to vacate.  By **Friday, April 3, 2026**, Defendants shall file a reply, if any.  In the interest of efficiency, the parties are encouraged to meet and confer to discuss the possibility of a stipulation vacating the CoDs.  See Pena v. NY1 Transmissions Inc., No. 23 Civ. 5672 (AT), 2024 WL 3461018, at *1 (S.D.N.Y. July 18,

2024) (encouraging parties to confer about stipulation to vacate certificates of default after defendants' appearance "in light of the 'strong preference for resolving disputes on the merits'") (quoting Pecarsky v. Galaxiworld.com, Ltd., 249 F.3d 167, 174 (2d Cir. 2001)).   Following resolution of the motion to vacate, the Court will, as appropriate, set deadlines for the parties to meet and confer and submit an amended proposed case management plan and/or briefing schedule for the CC Motion.   The Hearing is ADJOURNED sine die and Defendants' deadline to respond to Plaintiff's affidavit is VACATED.   (See Dkt. No. 85).

Dated:      New York, New York
            February 27, 2026

SO ORDERED.

_____
SARAH L. CAVE
United States Magistrate Judge

3