**LEE LITIGATION GROUP, PLLC**
148 WEST 24TH STREET, 8TH FLOOR
NEW YORK, NY 10011
TEL: 212-465-1188
FAX: 212-465-1181
INFO@LEELITIGATION.COM

MEMO ENDORSED

WRITER'S DIRECT: (212) 465-1188
CKLee@leelitigation.com

**Via ECF**: July 16, 2026

The Honorable Sarah L. Cave, U.S.M.J.
United States District Court. S.D.N.Y.
40 Foley Square
New York, NY 10007

Re: *Rojo v. Lakeview Security & Investigations, Inc. et al*
Case No. 1:24-cv-05729

Dear Judge Cave:

We represent Plaintiff Luciano David Villa ("Plaintiff") in the above-referenced action. We write to respectfully request that the Court (i) order Defendant Eric Scott to produce, in Excel format, the outstanding components of the Court Ordered collective class's contact information—namely email address, telephone numbers, compensation rates, dates of employments—by August 1, 2026; and (ii) direct that, for each day thereafter that the production remains incomplete, Mr. Scott shall be sanctioned $100.00 per day until he fully complies.

**1. The Collective Class**

On June 10, 2026, the Court entered the parties' Stipulation and Order Granting Conditional Collective Certification. *See* Dkt. No. 122. The Court conditionally certified a collective of all current and former non-exempt security guards and supervisors employed by Defendant Lakeview Security & Investigations, Inc. ("Lakeview") in New York City and Nassau County on or after July 29, 2021 ("Covered Employees"), and approved distribution of notice by mail, email, and text message. *See* Dkt. No. 122 ¶¶ 1–2.

As part of that stipulated collective, Defendants were to produce within fourteen days the names, positions, compensation rates, dates of employment, last known mailing addresses, email addresses, and last known telephone numbers of all Covered Employees (the "Covered Employee Information"). That deadline expired on June 24, 2026.

On July 21, 2026, Defense counsel produced the collective list in their possession, which contained 381 Covered Employees. That production contained only names and last known mailing addresses. It omits every remaining category the Court ordered: position, compensation rate, dates of employment, email address, and telephone number.

The omissions are not academic. The Court approved notice by email and by text message in addition to mail, and for a workforce of this kind—hourly security guards, many of whom have moved since separating from Lakeview—a last known mailing address is the least reliable of the three channels. Without email addresses and telephone numbers, the effectiveness of Plaintiff's notice—which was Court approved—will be materially diminished.

Additionally, expeditious notice protects against the expiration Covered Employees' FLSA claims. Under 29 U.S.C. § 255(a), for every day Covered Employees are deprived of notice and the ability to join this lawsuit more of their claims may expire.

**2. Where Defendants Have Failed to Produce a Class List, Other Courts have Imposed A Modest Per-Diem Sanction**

Rule 16(f) authorizes sanctions where a party fails to obey a scheduling or other pretrial order. Further, Rule 37(b)(2) authorizes sanctions for failure to obey an order to provide or permit discovery. Courts in this Circuit have imposed per-diem sanctions in this exact situation, so as to secure production of a court-ordered collective list. *See Ruiz v. Green 70 LLC*, No. 25 Civ. 5777 (JMF) (S.D.N.Y. Mar. 2, 2026), Dkt. No. 45 (ordering that defendants and defense counsel be sanctioned $100 for each day they failed to produce collective member contact information the Court had ordered produced); *Avila v. Ardian Corp.*, No. 18 Civ. 4795 (FB)(TAM) (E.D.N.Y.), Dkt. Nos. 85, 89 (imposing $100 per day until the collective list was produced, together with a separate civil sanction against defense counsel personally).

The $100.00 per-day figure requested here is deliberately modest and calibrated to coerce compliance rather than to punish. *See Weiss v. Weiss*, 984 F. Supp. 682, 686 (S.D.N.Y. 1997) (sanctions should be no more severe than reasonably necessary to deter repetition of the offending conduct). It also carries a complete cure: Mr. Scott can avoid it entirely by producing the five outstanding fields by August 1, 2026.

Plaintiff reserves the right to seek equitable tolling of the FLSA limitations period for any Covered Employee prejudiced by the delay, as contemplated by paragraph 6 of the Stipulation and Order. *See* Dkt. No. 122 ¶ 6.

**3. The Relief Should Run Against Mr. Scott**

Practical necessity requires directing this relief to Mr. Scott. Lakeview is a corporation that cannot proceed *pro se*, and its counsel has moved to withdraw. *See* Dkt. No. 126. This matter is stayed as to Defendant D'Gracia, on account of his bankruptcy filing. *See* Dkt. No. 107. Mr. Scott is an individual Defendant, is not stayed, and is one of Lakeview's two owners and is alleged to be an officer of Lakeview who controlled its employment and payroll practices. The outstanding fields are ordinary-course payroll and personnel data within his possession, custody, or control under Fed. R. Civ. P. 34(a)(1), and the underlying records plainly exist. Whatever the outcome of the withdrawal motion, Mr. Scott remains a party subject to this Court's orders.

We thank the Court for its consideration of this matter.

Respectfully submitted,

*/s/ C.K. Lee*
C.K. Lee, Esq.

Plaintiff's request to compel documents and for sanctions at Dkt. No. 134 is **DENIED WITHOUT PREJUDICE**.

Pursuant to the Court's order dated July 14, 2026 (Dkt. No. 127), all discovery deadlines are **ADJOURNED** sine die pending the outcome of Defendants' counsel's motion to withdraw. (Dkt. No. 126).

The Clerk of Court is respectfully directed to close Dkt. No. 134.

SO ORDERED. July 23, 2026

Sarah L. Cave
SARAH L. CAVE
United States Magistrate Judge