UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUCIANO DAVID VILLA, on behalf of himself, FLSA Collective Plaintiffs, and the Class,

Plaintiff,

-v-

LAKEVIEW SECURITY & INVESTIGATIONS, INC., et al.,

Defendants.

CIVIL ACTION NO. 24 Civ. 5729 (JPO) (SLC)

**ORDER**

**SARAH L. CAVE**, United States Magistrate Judge.

On August 11, 2026, the Court granted a Motion to Withdraw filed by Stokes Wagner, ALC, which had previously represented Defendants Lakeview Security & Investigations Inc. ("Lakeview"), Anthony D'Gracia ("D'Gracia"), and Eric Scott ("Scott," with Lakeview and D'Gracia, "Defendants") in this action. (Dkt. No. 138 (the "Aug. 11 Order")). Because Lakeview is a corporation and must appear through counsel,[1] the Court directed new counsel for Lakeview to file a Notice of Appearance by September 10, 2026. (Id. at 4). The Aug. 11 Order warned Lakeview that its "failure to retain new counsel may lead to entry of a certificate of default and a default judgment." (Id.)

On September 11, 2026, the Court sua sponte extended Defendants' time to obtain new counsel to September 25, 2026. (Dkt. No. 140 (the "Sept. 11 Order")). The Sept. 11 Order again warned Lakeview that it could not proceed pro se and its failure to obtain counsel may lead to a certificate of default and default judgment. (Dkt. No. 140 at 1). On September 25, 2026, the

[1] See Jacobs v. Pat. Enf't Fund, Inc., 230 F.3d 565, 568 (2d Cir. 2000) ("it is settled law that a corporation cannot generally appear in federal court except through its lawyer")

Court granted Defendants an extension to October 26, 2026 to obtain new counsel. (Dkt. No. 142 (the "Sept. 25 Order"). The Sept. 25 Order again warned Lakeview that the failure to obtain new counsel may lead to a default judgment. (Id.)

On October 27, 2026, after Lakeview failed to have new counsel file a NoA, "[a]s a final courtesy" the Court sua sponte extended Lakeview's time to retain new counsel and, for the **fourth** time, warned Lakeview that its failure to appear through counsel could result in default proceeding. (Dkt. No. 149). To date, no new counsel for Lakeview has filed a NoA.[2]

The Court has warned Lakeview **four** times that, if counsel did not appear on its behalf, the Court may permit Plaintiff to initiate default proceedings against it. (Dkt. Nos. 138; 140; 142; 149; see Dkt. No. 139; Dkt. Entry dated Sept. 16, 2026; Dkt. Entry dated Sept. 28, 2026; Dkt. Entry dated Oct. 28, 2026). Beacuse Lakeview knew that it must appear through counsel in this action and had notice of the consequences of failing to do so, Plaintiff is hereby **ORDERED** to request a Certificate of Default against Lakeview from the Clerk of Court by **December 1, 2026**.

By **November 16, 2026**, Plaintiff shall serve a copy of this Order via email on Defendant D'Gracia at adgracia@lakeview.pro.

The Clerk of Court is respectfully directed to:

1. Add Defendant Anthony D'Gracia's address to the docket, given that he is now deemed to be proceeding pro se: 6 Rosemary Court, Manorville, NY 11949. (See Dkt. Nos. 139; 149 at 1).

[2] New counsel has appeared for Scott, and the Court "presumes that Defendant D'Gracia intends to proceed without counsel[.]" (Dkt. No. 149 at 1; see Dkt. Nos. 147–48).

2. Mail a copy of this Order to Defendant Anthony D'Gracia at 6 Rosemary Court, Manorville, NY 11949.

3. Mail a copy of this Order to Lakeview Security & Investigations, Inc. at 5835 Route 25, Calverton, NY 11933. (See Dkt. No. 139).

Dated: New York, New York
November 12, 2026

SO ORDERED.

**SARAH L. CAVE**
**United States Magistrate Judge**